UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH TILLMAN JR,

    Petitioner,

v.

Case No. 1:06-CV-100
Hon. Gordon J. Quist

CAROL HOWES,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.**    **Background**

This matter arises out of the shooting of Fred Stewart during the early morning hours of May 14, 2002, in Saginaw, Michigan. T III at 119. Stewart was shot five times. T III at 133.

Shortly after the shooting, Michigan State Police Troopers Tuer and Campbell attempted to pullover a vehicle that was fish-tailing and speeding. T IV at 12, 17. The vehicle sped up and the officers chased it. T IV at 18-19. The chase ended when the vehicle, which had been traveling in excess of 60 m.p.h through city streets, crashed into a telephone pole and a tree. T IV at 19-20.

There were four occupants in the vehicle. T IV at 20. The driver ran away from the crash. T IV at 19. Petitioner was in the front passenger seat. T IV at 24. As Trooper Tuer tried to get

control of the vehicle occupants, petitioner punched him in the side of the face and Tuer felt a tug on his gun. T IV at 25-27. Tuer gave verbal commands to petitioner but petitioner continued to resist. T IV at 24-26. Tuer used pepper spray and a baton to try and subdue petitioner. T IV at 25. City Officer Foerster arrived to assist Tuer and saw petitioner kicking Tuer and resisting. T IV at 114-115. Both Foerster and Tuer observed petitioner crawl towards and reach into the front passenger compartment of the vehicle. T IV at 26, 114-115. Upon subduing petitioner, officers observed a handgun on the passenger-side floor of the vehicle where petitioner had been sitting prior to the crash, and where he had been reaching while resisting the officers. T IV at 33. Petitioner was the only occupant of the vehicle to assault the officers. T IV at 25-26.

Two guns, a fully-loaded magazine, gloves, a ski mask, and another stocking hat were found in the vehicle. T V at 66-69. A third gun was found alongside the road that the fleeing vehicle had traveled and was determined to be the gun that fired the shots that injured Fred Stewart. T V at 116-117, T VII at 5, 8-9, 15.

Petitioner's trial was severed from the four other defendants' when his attorney became seriously ill. Following a second jury trial, petitioner was convicted of being a felon in possession of a firearm, possession of a firearm during the commission of a felony, and resisting and obstructing a police officer, contrary to MCL §750.224f, MCL §750.227b, and MCL §750.479. A defense motion for directed verdict was granted by the trial court following the prosecution's offer of proof on charges of conspiracy to commit first-degree premeditated murder, assault with intent to commit murder, and felony-firearm relating to the murder and assault charges. Petitioner was acquitted of attempting to disarm a police officer. On March 18, 2004, petitioner was sentenced as

a third habitual offender to concurrent terms of 3-10 years' imprisonment for the possession of a firearm conviction and 2-4 years' imprisonment for the felony-firearm conviction.

Petitioner appealed to the Michigan Court of Appeals and presented the same issues raised in the present petition. The Michigan Court of Appeals affirmed his convictions in an unpublished, per curiam opinion. *People v. Tillman*, No. 254625 (Mich. App., June 28, 2005). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court raising these claims. The Supreme Court denied the application. *People v. Tillman,* No. 129299 (November 25, 2005).

Petitioner signed the present petition for federal habeas corpus on January 31, 2005 pursuant to 28 U.S.C. § 2254 challenging his conviction on the following grounds:

   I.   Mr. Tillman's convictions are a violation of his constitutional right to due process because they were supported by insufficient evidence.

   II.  Mr. Tillman's counsel were [sic] constitutionally ineffective because they failed to move to sever the trial of the very weak assault charges from the other counts.

   III. The prosecutor committed misconduct when he repeatedly played on the jury's sympathy for the shooting victim thereby invoking an unrelated crime for which Mr. Tillman had already been acquitted thus depriving Mr. Tillman of his constitutional right to a fair trial.

   IV.  Defendant's convictions of both felon in possession of a firearm and felony firearm violate double jeopardy.

   V.   The court erred in sentencing Mr. Tillman.

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. § 2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution of laws of the United States." Before such relief may be granted in federal court, however, the substance of each claim must be fairly presented to all available state courts, thus exhausting all state remedies. *Picard v. Connor,* 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. § 2254 (b)(1)(A). Here, Petitioner has exhausted each of the four habeas claims in state court.

Where a state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

If the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts, a state court's decision is "contrary

to" clearly established Federal law. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III. Petitioner's Claims

#### 1. Insufficient evidence to support convictions

In *In re Winship,* 397 U.S. 358 (1970), the Supreme Court held that the Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship,* 397 U.S. at 364. Under *Jackson v. Virginia*, 443 U.S. 307 (1979), sufficient evidence supports a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. In determining whether sufficient evidence exists to support a conviction, the reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

The Michigan Court of Appeals reviewed and rejected petitioner's insufficiency of evidence claims, stating the following:

> Defendant first argues that there was insufficient evidence presented at trial to support his convictions. We disagree. In reviewing a sufficiency of the evidence claim, we determine "whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v. Nowack*, 462 Mich. 392, 399; 614 N.W. 2d 78 (2000). This standard of review is deferential to the trial court and his Court is to draw inferences and make credibility determinations in favor of the jury verdict. *Id.* at 400.
>
> Defendant argues that there was insufficient evidence of possession to support his felon in possession of a firearm and felony-firearm convictions. We disagree. To prove possession, the prosecutor must present evidence of actual or constructive possession. *People v. Burgenmeyer,* 461 Mich. 431, 437; 606 N.W. 2d 645 (2000). In this case, a gun was found on the floorboard of the front passenger seat of the vehicle, near where defendant was sitting. There was also evidence that during a struggle with police, defendant tried to crawl toward the car and reach for something inside. The gun was later discovered within six inches of where defendant had been reaching. This evidence could lead a reasonable juror to find that defendant knew where the gun was in the vehicle and that the gun was easily accessible to him. See *id.* at 438. This is sufficient to show constructive possession and therefore was sufficient to support defendant's firearm convictions.
>
> Defendant also argues that there was insufficient evidence to support his conviction for resisting arrest because the prosecutor did not know that his arrest was lawful. See MCL 750.479; *People v. Macleod*, 254 Mich. App. 222, 226; 656 N.W. 2d 844 (2002). We disagree. If an arrest is unlawful, a person may use reasonable force to resist the arrest. *Id.* at 226-227. "A defendant's restraint is not necessarily an arrest." *People v. Green,* 260 Mich. App. 392, 397; 677 N.W. 2d 363 (2004).
>
> Here, when the police began following the vehicle that defendant was a passenger in, the police only believed that they were investigating a possible drunk driver. However, when the officer activated the emergency lights, the vehicle did not stop and engaged police in a high-speed chase, involving speeds of more than sixty miles per hour in a residential area. The chase ended when the vehicle was involved in a fairly serious accident. Immediately following the accident, the driver of the vehicle fled the scene and the other occupants attempted to exit the vehicle. Thus, the officer who approached the car had more than enough reasonable suspicion to detain the individuals in the car for an investigatory stop and for his safety. See *People v. Estabrooks,* 175 Mich. App. 532, 535; 438 N.W. 2d 327 (1989). Once the officer approached the vehicle, defendant and another occupant did not obey his command to stay in the vehicle, and defendant became aggressive and struck the officer. The

>officer also testified at trial that after defendant struck him, there was a point where defendant grabbed the officer's firearm. At this point, the officer had probable cause to arrest defendant for both the assault and for attempting to disarm a police officer. (n1: the fact that defendant was subsequently found not guilty of this crime would not render the arrest unlawful.). See *People v. Champion*, 452 Mich. 92, 115; 549 N.W. 2d 849 (1996). See *Green, supra* at 398. Therefore, the prosecutor proved that defendant's arrest was lawful thus this sufficiency challenge is without merit.

In his habeas corpus petition, petitioner makes no additional argument beyond restating his state claim. The Michigan Court of Appeals' decision on petitioner's insufficiency of evidence claim is neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented, which the Court of Appeals has systematically and carefully set forth. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief for this claim.

### 2. Ineffective counsel

Petitioner claims that he was denied effective assistance of counsel because of a failure to sever the assault charges from the less serious resisting and firearms charges.

To grant habeas relief on an ineffective assistance of counsel claim, petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 667 (1984). First, petitioner must show that the counsel's performance was seriously deficient. *Id.* at 687. Secondly, petitioner must show that the deficient performance prejudiced the defense to the extent that the trial was unfair. *Id.* Under the AEDPA, a state appellate court's ruling on an ineffective assistance of counsel claim must be an unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 693-94 (2002).

The Michigan Court of Appeals rejected each of the ineffective assistance of counsel claims and held the following:

Defendant next argues that his trial counsel was ineffective for failing to move to sever the charges relating to the shooting, which took place before the car chase, from the charges relating to the struggle with the police officers. Again, we disagree. Whether defendant was denied effective assistance of counsel is a mixed question of fact and law. *People v. Riley* (After Remand), 468 Mich. 135, 139; 659 N.W. 2d 611 (2003). Because a *Ginther* [*People v. Ginther,* 390 Mich. 436 (1973)] hearing was not held in the trial court, our review is limited to mistakes apparent from the lower court record. *Id.*

Defendant argues that his counsel erred in not motioning for severance under MCR 6.120( C). Specifically, defendant claims that trying all the charges together allowed the jury to convict based not on the evidence, but on a desire to punish someone for the shooting. MCR 6.120( C) offers a narrow ground for discretionary severance. *People v. Abraham,* 256 Mich. App. 265, 272 n 4; 662 N.W. 2d 836 (2003). "while it is correct that a trial court may sever related offenses in certain circumstances, ... a trial court is not required to do so." *People v. Duranseau,* 221 Mich. App. 204, 208; 561 N.W. 2d 111 (1997). We can see no fault with trial counsel's decision not to move for severance under the circumstances. There is no indication that the parties were not ready for trial on all of the charges. Additionally, the potential for confusion seems remote given the distinct crimes in issue and the clear instructions provided by the court. MCR 6.120( C). Also, consideration of judicial economy and witness convenience weigh in favor of joining all the charges. See *Duranseau, supra.* Indeed, all of the charges were related because they consisted of "a series of connected acts" that included the shooting. MCR 16.120(B)(2).

Additionally, it may be considered reasonable trial strategy to try all the charges together. If the evidentiary support for the charges relating to the shooting was as weak as defendant contends (a contention supported by the directed verdicts of acquittal on all three), then counsel could have reasonably theorized that trial of all charges together would give defendant a greater chance of acquittal on the remaining three counts. In any event, we will not evaluate counsel's competence with the benefit of hindsight. See *People v. Rice* (On Remand), 235 Mich. App. 429, 445; 597 N.W.2d 843 (1999). We therefore conclude that defendant cannot show that defense counsel's "representation fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 668; 104 S. Ct. 2052; 80 L. Ed. 2d 674 (1984), or that if the motion was filed, the result of the proceedings would have been any different, *id.* at 694.

By citing and applying the *Strickland* two-pronged approach to petitioner's ineffective assistance of counsel claim, the Michigan Court of Appeals did not unreasonably apply

the standard. Counsel's performance was not deficient, and petitioner is not entitled to relief with respect to this claim.

### 3. Prosecutorial misconduct

Next, petitioner claims the prosecutor committed misconduct that deprived petitioner of a fair trial when he repeatedly played on jury sympathy for the shooting victim. Petitioner contends that because the shooting was an entirely separate incident that petitioner was acquitted of, the prosecutor distracted the jurors by irrelevant evidence.

Petitioner's prosecutorial misconduct claim is without merit. In order to grant habeas corpus relief based on prosecutorial misconduct, a prosecutor's conduct must be so egregious as to deny petitioner a fair trial. *Donnelly v. DeChristoforo,* 416 U.S. 637, 643-45 (1974); *Hutchison v. Bell*, 303 F.3d 720, 750 (6th Cir. 2002). The relevant question on habeas review is whether the prosecutor's comments infected the trial to such an extent that the conviction violated due process. 416 U.S. at 643.

Ultimately, a two step approach is used. First, the court should determine whether the remarks were improper by examining the context of the remarks and existing precedent. *United States v. Carroll,* 26 F.3d 1380, 1387-89 (6th Cir. 1994). While analyzing the context of the statements, the Michigan Court of Appeals correctly applied the first step of the two step approach and found this claim to be without merit, stating:

> We also reject defendant's argument that the prosecutor improperly appealed to the jury's sympathy for the victim of the shooting during closing arguments. Reviewing the prosecutor's remarks in context, *People v. Bahoda,* 448 Mich. 261, 267; 531 N.W. 2d 659 (1995), we disagree. Defendant's theory was that while he was present in the car, he had no knowledge either of the presence of guns in the car or of the shooting. The prosecutor made the remarks relating to the shooting to suggest that defendant had to have knowledge of the weapons in the vehicle and that each of the men in the car were armed. The prosecutor was arguing that the

9

> circumstances of the shooting, including the police chase and resulting arrest, should be viewed as one event by the jury, and that when done so, it supported the prosecution's assertion that defendant was in possession of a firearm. This was proper commentary on the evidence. In any event, even if the comments were improper, any prejudice to defendant was alleviated with an instruction from the trial court that the attorney's statements were not evidence. See *People v. Callon,* 256 Mich. App. 312, 329-330; 662 N.W. 2d 501 (2003). [*People v. Tillman,* No. 254625 (Mich App, June 28, 2005)].

Second, even assuming impropriety, the court should determine whether the impropriety amounts to reversible error. *Id.* at 1385. To determine this, a court examines four factors: 1) whether the statements tended to mislead the jury or prejudice the defendant; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *United States v. Leon,* 534 F.2d 667, 679 (6th Cir. 1996).

Petitioner's prosecutorial misconduct claim also fails at the second step of the two-step approach. First, the statements by the prosecutor were not intended to mislead the jury. The statements were a summary of the events of that night and were not contradicted by the evidence. Since they were not misstatements of the evidence, they were not misleading. See *US v. Carter,* 236 F.3d 777, 785 (6th Cir. 2001). Second, the remarks were isolated because they only took place during closing argument and rebuttal argument in an attempt to sum up the entire event. See *Marcias v. Makowski,* 291 F.3d 441, 453 (6th Circuit, 2002); T VIII at 17-18, 72-73. Third, the statements were not made with the intention of playing on the jury's sympathy, as petitioner claims, but to present the whole series of events. Finally, the weight of the evidence against petitioner was sufficient enough that the jury would have found petitioner guilty regardless of the prosecutor's comments. Eleven witnesses testified as to the events that occurred that night for the prosecution and their testimony was supported by video and crime scene photographs of the chase, crash and ensuing

struggle. Thus, the substantial body of evidence against petitioner outweighed the impact of any characterization of the evidence found in the prosecutor's statements. *See Id.* Petitioner's prosecutorial misconduct claim does not satisfy either step of the two-step approach and is without merit.

### 4.     Reversible error by denying motion for new trial

Petitioner next argues that the trial court erred in denying the defense motion for a new trial by applying the incorrect legal standard. Petitioner claims that because evidence was withheld that proved a history of misconduct by one of the responding officers, petitioner is entitled to a new trial.

The Michigan Court of Appeals found this claim lacked merit:

> Defendant next argues that the trial court erred when it denied his motion for a new trial premised on the ground that evidence was improperly excluded. We disagree. We review a trial court's decision to grant or deny a motion for a new trial for an abuse of discretion. *People v. Cress,* 468 Mich. 678, 691; 664 N.W. 2d 174 (2003). Defendant argued in his motion for a new trial that the responding officer's personnel record was erroneously excluded from evidence and that the new evidence existed that the officer was involved in an assaultive dispute after the trial occurred. The trial court found this evidence to be inadmissible under MRE 404(b) because the evidence was being offered for no other reason except to show that officer's propensity towards aggressive actions while on duty. We agree with the trial court that the evidence of other acts was inadmissible. Defendant argues that it was being offered to prove intent, knowledge, or lack of mistake but does not explain how the evidence would relate to any of those permissible uses. See *People v. Harris,* 261 Mich. App. 44, 50; 680 N.W. 2d 17 (2004). [*People v. Tillman*, No. 254625 (Mich. App, June 28, 2005)].

Federal habeas corpus review of evidentiary rulings based on state law is "extremely limited." *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir.). Clear precedent establishes that errors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not questioned in federal habeas corpus proceedings. *Cooper v. Sowders*, 837 F.2d 284, 286

(CA 6, 1988). To support habeas relief on an issue of admissibility of evidence, the error must rise to a level of constitutional magnitude so egregious that the petitioner was denied a fundamentally fair trial. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

In the present case, petitioner's claim is not one that is cognizable in a habeas proceeding because it attempts review of state law. Under MRC §404 (b), evidence of prior crimes to prove the character of a person is inadmissible. Evidence that attempts to show a propensity for aggressive behavior is inadmissible. *People v. VanderVliet,* 444 Mich. 52 (1993). Both video surveillance and sworn testimony prove that petitioner punched, kicked, and resisted Trooper Tuer, giving the officer reason to use force against petitioner. T IV at 24-27, 114-115. Therefore, the information petitioner sought to admit as evidence was properly denied.

The trial court applied the correct legal standard in denying the motion for a new trial. The trial court stated that it did "not find there to be a miscarriage of justice" which is the standard articulated in MCR §6.431 (B). Op. and Order 3/24/04. The Michigan Court of Appeals' affirmation of petitioner's conviction based on this claim is not contrary to clearly established Federal law. Petitioner's claim is without merit.

### 5. Double jeopardy

Petitioner also claims his two convictions, for being a felon in possession of a firearm and felony-firearm, violate his rights against double jeopardy. The Michigan Court of Appeals found this claim to be without merit.

To prevail on a double jeopardy claim, petitioner must pass the "Blockburger test." This is a test that determines whether two statutory offenses have different elements and each requires proof of a fact not contained in the other offense. *Blockburger v. US,* 284 U.S. 299, 304

(1932); *United States v. Dixon*, 509 U.S. 688, 696 (1993). In other words, a defendant is considered to be placed in double jeopardy only when charged with violating two offenses in which every violation of one of the criminal statutes entails a violation of the other criminal statute. *Murr v. United States,* 200 F. 3d 895, 901 (6th Cir. 2000) .

Here, petitioner is charged with two distinct crimes that encompass different behavior. The felon in possession of a firearm statute prohibits guns in the hands of convicted felons, regardless of whether the felon is using the gun to commit another crime. MCL §750. 224f; see *People v. Mayfield,* 221 Mich App 656, 662 (1997). In contrast, the felony-firearm statute penalizes persons, including non-felons, who possess a firearm during the commission of a crime. MCL §750.227b; see *People v. Sturgis,* 427 Mich 392, 408 (1986). A prosecutor can add a felony-firearm charge to any other charge except: 1) the unlawful sale of firearms, 2) carrying of a concealed weapon, 3) possession of a firearm by a licensee, and 4) alteration of identifying marks on a firearm. *See* MCL §227(b)(1); MCL §750.223; MCL §750.227; MCL §750.227a; MCL §750. 2230. Clearly, petitioner's felon in possession charge is not one of these exceptions articulated in the felony-firearm statute, making it possible for petitioner to be convicted of both offenses. As the Michigan Court of Appeals noted, the Michigan Supreme Court has determined the two charges do not violate double jeopardy protections. *People v. Calloway,* 469 Mich 448, 452 (2003). This determination is not inconsistent with United States Supreme Court decisions, and is therefore not contrary to clearly established federal law. Petitioner's double jeopardy claim does not suffice.

### 6.    Reversible error in sentencing

Finally, petitioner contends that the trial court erred in sentencing by a) incorrectly assessing offense variable points for charges that were dismissed, b) improperly granting an

13

amendment to the information so petitioner was sentenced as a third habitual offender, and c) violating petitioner's right to a jury trial and the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004).

### a) Incorrect assessment of offense variable points

Petitioner contends that in determining his sentence, the trial court incorrectly assessed twenty five points each for aggravated use of a weapon (offense variable one) and physical injury to a victim (offense variable three), MCL §777.31; MCL §777.33, notwithstanding that the charges of conspiracy to commit first-degree murder and assault with intent to murder against him were dismissed.

Petitioner's claim is without merit. The plain language of the statutes supports petitioner's point assessment.

For offense variable one, MCL §777.31(2)(b) reads:

> (b) In multiple offender cases, if one offender is assessed points for the presence or use of a weapon, all offenders must be assessed the same number of points.

For offense variable three, MCL §777.33(2)(a) reads:

> (a) In multiple offender cases, if one offender is assessed points for death or physical injury, all offenders must be assessed the same number of points.

Although petitioner himself did not shoot Fred Stewart or cause him physical injury, and the charges of conspiracy to commit first-degree murder and assault with intent to murder were dismissed against him, he is still considered a multiple offender. The court in *Compagnari* stated:

> Although a trial court may not make an independent finding of guilt with respect to a crime for which a defendant has been acquitted, and then sentence the defendant on the basis of that finding, the court in fashioning an appropriate sentence may consider the evidence offered at trial, *People v. Gould,* 225 Mich. App. 79, 89, 570 N.W. 2d 140 (1997), including other criminal activities established even though

> the defendant was acquitted of the charges, *People v. Coulter (After Remand),* 205 Mich. App. 453, 456-57, 517 N.W.2d 827 (1994), and the effect of the crime on the victim. *People v. Girardin,* 165 Mich. App. 264, 266, 418 N.W.2d 453.

*People v. Compagnari*, 233 Mich. App. 233, 236; 590 NW 2d 302 (1998). As long as facts of an underlying offense of which a defendant was acquitted are adequately supported by the record, they may be considered and the points scored will be upheld. *People v. Ewing,* 435 Mich 443, 451; 458 N.W. 2d 880 (1990). When determining a sentence, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker,* 404 US 443, 446, 92 S. Ct. 589, 591 (1972); *United States v. Grayson*, 438 US 41, 50 (1978). The existing discretionary sentencing framework available to a judge permits use of information that does not necessarily relate to the conviction. 435 Mich at 452-453. Only where the defendant can prove that false information was relied upon to form the basis for the sentence can the sentence be set aside. See *Tucker,* 404 US at 447.

Here, not only is the use of the weapon and the injury to Fred Stewart evidenced by sworn testimony, petitioner does not challenge those facts. The information used in assessing petitioner's offense variable points was adequately supported by the record. Accordingly, the Michigan Court of Appeals' affirmation of petitioner's conviction based on this claim was neither an unreasonable determination of the facts in light of the evidence presented nor contrary to clearly established Federal law.

    **b)**   **Improper granting of amendment to information**

Petitioner also contends that the trial court improperly allowed the prosecutor to amend the information, which permitted petitioner to be sentenced as a third-habitual offender. The Michigan Court of Appeals addressed this issue as follows:

15

>        Next, defendant argues that the trial court improperly permitted the prosecutor to amend the information allowing sentencing as a third-offense habitual offender. After review of the decision to amend the information for an abuse of discretion, we disagree. See *People v. McGee,* 258 Mich App 683, 686-687; 672 NW 2d 191 (2003).
>        An information may be amended before, during, or after trial to cure a defect, imperfection, or omission as long as the defendant is not prejudiced by the amendment. MCL 767.76; MCR 6.112(H). Unacceptable prejudice includes unfair surprise, inadequate notice, or inadequate opportunity to defend. *People v. Hunt,* 442 Mich 364; 501 NW 2d 151 (1993). The information originally filed in this case, and on which defendant was arraigned, noted defendant's third-offense habitual offender status but included an incorrect underlying conviction. For some reason the prosecution failed to file the amendment and, after the trial but before sentencing, defendant moved to reduce the habitual offender status to a second-offense because of the delay. The trial court granted defendant's motion but on the day of sentencing, about two months later, the court granted the prosecution's motion to amend the information and permit sentencing as a third-offense habitual offender. Defendant does not claim prejudice but insufficient notice of the intent to enhance his sentence. Defendant's argument is without merit. He was arraigned with notice of the third-offense habitual offender status. That status was uncontested until after the trial and only on grounds of a technicality that did not challenge the underlying convictions, which he was advised of at his preliminary examination. Thus, the trial court did not abuse its discretion in permitting amendment and sentencing defendant as a third-offense habitual offender. See *Hornsby*, supra at 472.

A trial court has unrestricted discretion in ruling on motions for reconsideration. *Sutton v. Oak Park,* 251 Mich App 345, 405-406, 650 NW 2d 404 (2002). The court may grant reconsideration "to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *Bers v. Bers,* 161 Mich App 457, 462-463, 411 NW 2d 732 ()1987).

Here, the trial court corrected the mistake of an inaccurately listed prior offense. Both parties had been aware of this mistake prior to the first trial involving all four defendants on October 16, 2002. T I at 15-18. It was not until after the second trial was finished that the judge reduced petitioner's offender status to a second-offense habitual offender status because the prosecutor had failed to correct the mistake. Mot. at 3-4 (Jan. 20, 2004). The second change two months later, which again established a third-offense habitual offender status, did not prejudice petitioner because third-

offense habitual offender status had been the status from arraignment through the second trial. Arraignment at 3-4 (July 22, 2002); Mot. at 3-4 (Jan. 20, 2004). In addition, petitioner never sought a continuance upon notification of this change in his habitual offender status back to third-offense. The Michigan Court of Appeals affirmation of the trial court's finding that petitioner had sufficient notice of the actual third-offense habitual defender status was not contrary to clearly established Federal law.

### c)    Right to a jury trial

Petitioner next agues that his sentence violated his Sixth Amendment right to a trial by jury, citing *Blakely v. Washington,* 542 US 296, 301; 124 S Ct 2531, 2536 (2004). However, *Blakely* makes unconstitutional a form of judicial fact-finding found in determinate sentencing systems. *Id.* at 308-309. As an indeterminate sentencing state, Michigan's sentencing scheme is not affected by *Blakely*. *Gray v. Bell,* Slip Copy, 2007 WL 172519 at *1 (W.D. Mich, January 19, 2007); *People v. Claypool,* 470 Mich 715, 730 n 14; 684 NW 2d 278 (2004). Accordingly, the Michigan Court of Appeals' affirmation of petitioner's conviction and sentence was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254. Petitioner is not entitled to habeas relief on his error in sentencing claim.

**IV. Conclusion**

I respectfully recommend that petitioner's habeas corpus petition be DENIED. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: August 8, 2008                    /s/ Hugh W. Brenneman, Jr.
                                         HUGH W. BRENNEMAN, JR.
                                         United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).